**UNITED STATES of America,**

v.

**George L. ROBINSON, Appellant.**

**No. 01–3292.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 11, 2002.

Filed June 18, 2002.

Before SLOVITER, ROTH and McKEE, Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

George L. Robinson appeals from an order of the district court denying his motion pursuant to 28 U.S.C. § 2255 to correct a sentence of imprisonment stemming from the revocation of his supervised release. For the reasons that follow, we will dismiss the appeal for lack of appellate jurisdiction.

### I.

On January 14, 1997, Robinson pled guilty to one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The maximum term of imprisonment for a violation of this statute is forty years, making 841(b)(1)(B) a Class B felony. 18 U.S.C. § 3559(a)(2). The amount of the cocaine base was not charged and there was no agreement as to the drug quantity in the Memorandum of Plea Agreement or the Memorandum of Sentencing Agreement.

Although the government originally intended to argue at sentencing that Robinson should be sentenced pursuant to the crack cocaine provisions of the Sentencing Guidelines, U.S.S.G. § 2D1.1, Note (D) to Drug Quantity Table, Robinson and the government ultimately stipulated in a Memorandum of Sentencing Agreement that Robinson would not be sentenced under the Guidelines crack provisions.

At sentencing, the district court adopted the factual findings and guideline applications from the Pre–Sentence Report, including a drug quantity finding of 56.7 grams of cocaine base, and after granting the government's motion for downward departure pursuant to U.S.S.G. § 5K1.1, sentenced Robinson to two years imprisonment to be followed by five years of supervised release. His term of imprisonment was three years less than the mandatory minimum of five years. Robinson did not appeal his conviction or sentence.

On August 12, 1999, the district court revoked Robinson's supervised release because he committed a controlled substance offense under state law. The court sentenced him to three years imprisonment consistent with the statutory maximum guideline for a Class B felony pursuant to 18 U.S.C. § 3583(e)(3). Robinson filed a direct appeal to us from his revocation sentence. In that appeal, he argued that although he had pled guilty to possession of cocaine base with the intent to distribute, the term "cocaine base" as used in the statute only includes "crack" cocaine base, which the government made no attempt to prove he possessed and which he never admitted possessing. Consequently, he argued that because it was never established that he possessed crack cocaine and because 21 U.S.C. § 841(a)(1) and (b)(1)(B) applies only to that form of cocaine, he should have been convicted only for violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), which carries a maximum penalty of 20 years and is a Class C felony. Accordingly, argues Robinson, he should have only been convicted of violating 18 U.S.C. § 3559(a)(3), for which only a two year term of imprisonment can be imposed for violating the conditions of his supervised release. 18 U.S.C. § 3583(e)(3).

In rejecting Robinson's argument, we first noted that our scope of review was limited to the highly deferential plain error standard because Robinson failed to make this argument in the district court at his revocation hearing. *United States v. Rob-*

*inson*, No. 99–5672, slip op. at 6, 2000 WL 504225 (3rd Cir. March 29, 2000). Then we noted that because we had not at that time determined whether the term "cocaine base" as used in 21 U.S.C. § 841(b)(1)(B) includes only the crack form of cocaine base, the district court had not missed controlling precedent and thereby committed a clear or obvious error of law.[1] *Id.* Accordingly, we affirmed the district court's revocation sentence. *Id.*

On August 1, 2000, Robinson filed a motion pursuant to 28 U.S.C. § 2255 in which he sought to correct his sentence of imprisonment stemming from the revocation of his term of supervised release. In his 2255 motion, Robinson asserted, *inter alia*, that his underlying conviction should have been categorized as a Class C felony, subjecting him to a sentence of not more than two years for his supervised release violation and that the failure to specify a drug quantity in the charging documents constituted error under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On July 20, 2001, the district court entered an opinion and order denying relief. However, the district court issued a certificate of appealability under 28 U.S.C. § 2253(c)(2), with regard to Robinson's claim "that he should have been sentenced under 21 U.S.C. § 841(a)(1) and (b)(1)(C), rather than 21 U.S.C. § 841(a)(1) and (b)(1)(B)." App. Vol. 1 at 4. On July 25, 2001, the district court entered an amended order correcting a clerical mistake.

This appeal followed.

## II.

When Robinson's § 2255 motion was in the district court, he was incarcerated as a

consequence of revocation of his supervised release. However, on October 12, 2001, Robinson was released from imprisonment. We believe that his release from incarceration makes his appeal moot.

In *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1997), a state prisoner was released on parole but his parole was revoked and he was returned to prison. He sought to invalidate the parole revocation by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, before the district court adjudicated his petition, his sentence for parole violation had expired and he was released from prison. The Court ruled that the presumption of collateral consequences which is applied to habeas petitions from criminal convictions when petitioners are no longer in prison does not apply to revocations of parole. *Id.* at 14, 118 S.Ct. 978. Rather, it was the petitioner's burden to demonstrate collateral consequences. *Id.* Ultimately, the Court found that the habeas petitioner's case was moot because he was unable to show any collateral consequences that resulted from his parole revocation adequate to meet Article III's injury in fact requirement. *Id.* at 14–18, 118 S.Ct. 978. Admittedly, *Spencer* involved a revocation of parole; however, we believe that its reasoning and analysis is applicable to a revocation of supervised release.

In an effort to avoid *Spencer*, Robinson claims that his appeal is not moot because he can demonstrate collateral consequences resulting from the revocation of his supervised release. He first argues that it is possible that his supervised release revocation could be used as an enhancement in a sentencing proceeding for

---

1. Since that time, we have held that "while the term 'cocaine base' means only crack when a sentence is imposed under the Sentencing Guidelines, 'cocaine base' encompasses all forms of cocaine base with the same chemical formula when the mandatory minimum sentences under 21 U.S.C. § 841(b)(1) are implicated." *United States v. Barbosa*, 271 F.3d 438, 467 (3d Cir.2001).

a future criminal conviction. However, in *Spencer*, the Court expressly rejected the possibility of a sentencing enhancement for future crime or future parole proceedings as a collateral consequence sufficient to meet Article III's injury in fact requirement.[2] *Id.* at 15, 118 S.Ct. 978.

Second, Robinson argues that the revocation of his supervised release has a collateral consequence because it delayed the commencement of the state prosecution which was the reason for the revocation for his supervised release. He claims that "an extension of a period of disability flowing from challenged governmental action has been held by this Court to be sufficient to satisfy the 'case or controversy' requirement, notwithstanding the constraints imposed by *Spencer*." Robinson's Br. at 4. In support of that argument, he cites to our decisions in *Chong v. District Director, INS*, 264 F.3d 378 (3d Cir.2001) and *Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001).

However, neither decision helps Robinson because they both involved an issue unique to immigration cases, viz., a bar to readmission to this country following a conviction for an aggravated felony, that is simply not relevant to Robinson's case. Moreover, both cases are procedurally different than Robinson's. *Steele* involved a habeas challenge to the Bureau of Immigration Appeals' decision that he was inadmissible because of a prior conviction for an aggravated felony, and *Chong* involved

a habeas petition seeking relief from a Bureau of Immigration Appeals' order of removal following a conviction for an aggravated felony.

### III.

In short, we do not believe that Robinson has demonstrated that any collateral consequences resulted from his revocation of supervised release adequate to meet Article III's injury-in-fact requirement. Accordingly, his appeal is moot and we will dismiss it for lack of appellate jurisdiction.

---

**2.** In support of this particular argument, Robinson cites to our opinion in *United States v. Cottman*, 142 F.3d 160 (3d Cir.1998), in which we held that there were sufficient collateral consequences to defeat a mootness challenge for two different reasons. First, we noted that a sentence for a future conviction could be increased because the defendant's criminal history would be greater. *Id.* at 164–165. Second, we noted that the defendant's period of supervised release could be less if error were found on appeal. *Id.* at 165.

However, *Cottman* is inapposite. *Cottman* was a direct appeal from a conviction and the

imposition of a sentencing enhancement. It is factually distinct from Robinson's case which involves an appeal of a habeas petition following imprisonment for revocation of supervised release. Moreover, even though *Cottman* was decided six weeks after *Spencer*, we did not discuss *Spencer* in our opinion. Thus, we question whether our holding in *Cottman* that the effect of a future sentencing proceeding constitutes a sufficient collateral consequence to avoid a mootness challenge has continuing validity.